[Civ. No. 37244. First Dist., Div. One. Feb. 20, 1976.]

CARMEN SEGOVIA, as Administratrix, etc., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
EUGENE RADFORD et al., Real Parties in Interest.

**COUNSEL**

Eliassen, Postel & Mee and R. B. Eliassen II for Petitioner.

No appearance for Respondent.

Colin C. Kelley for Real Parties in Interest.

**OPINION**

**SIMS, J.**—The petition in this matter seeks review of an order granting the petition of real parties in interest to file a late claim against the estate of Raul Jose Segovia, also known as Raul J. Segovia, for injuries allegedly suffered January 23, 1971, in an accident in which the decedent was killed. The issue here is not whether the real parties in interest have, in the civil proceedings in which they seek damages, alleged sufficient facts to establish that the legal representative of the decedent's estate or any of her authorized agents has waived, or is estopped to assert the lack of, the formal submission of a claim. (See *Satterfield* v. *Garmire* (1967) 65 Cal.2d 638 [56 Cal.Rptr. 102, 422 P.2d 990].) ■ It is simply whether the superior court in the exercise of its probate jurisdiction has power

and authority to modify the provisions of the Probate Code which require "all persons having claims against the decedent to file them . . . or to present them . . . within four months after the first publication of the notice" to creditors. (Prob. Code, § 700.) Section 707 further states ". . . all claims for damages for injuries to or death of a person . . . must be filed or presented within the time limited in the notice [to creditors] or as extended by the provisions of Sections 702 [for failure to file affidavit showing due publication within 30 days] and 709 [relating to actions pending against a decedent at the time of his death] of this code; and any claim not so filed or presented is barred forever, unless . . . [where claimant has not received notice by reason of being out of the state]."[1]

In addition to the 1971 additions to section 707, which by their express terms are not applicable to the claim under review (see fn. 1 above), section 707 also excepts claims by public entities, which are specially provided for in section 707.5, and the special provisions for claims for damages for injuries to or death of a person found in section 720. That section provides that "the court, upon application of the claimant made not later than one year after accrual of the claimant's cause of action, and upon such notice and hearing, if any, as the court may order, shall permit the filing of the claim" "for damages for injuries to, or death of, a person, for which no action specified in Section 709 was pending at the time of the decedent's death" even though a claim was not filed within the time otherwise provided. Here more than one year had expired since the claimant's cause of action accrued and the section is not applicable.[2]

---

[1]In 1971 the Legislature added the following provision to section 707:

"(b) The filing and presentation of a claim is not required as a prerequisite to commencing an action against the decedent for damages for injury to or for the death of a person caused by the wrongful act or neglect of the decedent or to recover upon a judgment obtained in the action if (1) the decedent had liability insurance applicable to the cause of action, (2) the amount of damages sought in the action does not exceed the maximum amount of such insurance, or recovery in excess thereof is waived, and (3) the estate of the decedent otherwise qualifies for summary probate proceedings pursuant to the provisions of Section 630 of the Probate Code." (Stats. 1971, ch. 1226, § 3, p. 2374.)

The amendment became effective March 4, 1972, prior to the time the general administrator was appointed and gave notice to creditors in the proceedings under review, but more than a year after the accident which resulted in the injuries to the claimants and the death of the intestate decedent. The amending legislation expressly provides, "Sec. 4. This act shall not apply to claims for damages for injuries to or death of a person for which an action, specified in Section 709 of the Probate Code, is pending at the effective date of this act; nor shall this act revive any claim for damages for injuries to or death of a person previously barred by Chapter 12 (Commencing with Section 700) of Division 3 of the Probate Code." (Id.)

[2]In 1971 the Legislature also added section 721 to the Probate Code. It provides in part, as follows: "(a) Notwithstanding any other provision of law, the presentation or

In *Nathanson* v. *Superior Court* (1974) 12 Cal.3d 355 [115 Cal.Rptr. 783, 525 P.2d 687], as in this case, the claimant filed a petition seeking an order authorizing the filing of a late claim because the estate had actual knowledge of the claim within the statutory period. There the trial court denied relief, and the Court of Appeal issued a peremptory writ directing the trial court to permit the filing of an amended claim and vacating the order denying the claimant relief. The Supreme Court granted a hearing, discharged the alternative writ and denied the petition for a peremptory writ. After reviewing the provisions of sections 700 and 707, which have been alluded to above, the court observed, "Accordingly, it has been long and consistently held by California courts that with certain exceptions not here applicable, 'all claims against the estate of a decedent arising upon contract must be filed or presented within the time prescribed in the published notice to creditors, and if not so filed or presented they are barred forever.' (*Estate of Grant* (1935) 2 Cal.2d 661, 664-665, (other citations omitted).)" (12 Cal.3d at p. 362, fn. omitted.[3]) The court concluded, "In the instant case, it is not disputed—indeed it is conceded—that petitioner's creditor's claim was not filed within the period provided by law for the presentation or filing of claims. She makes no contention that filing was permissible under any of the statutory exceptions heretofore noted . . . [see fn. 3 above]. It is clear, then, that the order of the probate court denying her leave to file the claim was proper and in accordance with governing law. The court had no authority—much less a legally enjoinable duty—to permit the filing of the claim, and in view of this, cannot be compelled by mandate to act otherwise." (*Id.*)

filing of a claim shall not be required and a civil action may be maintained by a claimant to establish, to the limits of the insurance protection only, a liability of the decedent for which the decedent was protected by liability insurance." (Stats. 1971, ch. 1638, § 4, pp. 3533-3534.) The following subsections deal with the procedure to be followed by the claimant to secure leave to file an action against the insurer or its designate, unless the court orders the appointment of and substitution of a personal representative, in which recovery is limited solely to the decedent's insurance protection. (*Id.*) By the addition of section 709.1 (*id.*, § 3) the provisions of section 721 were made applicable to actions pending against a decedent at the time of his death.

The amendment was not effective until March 4, 1972. The legislation expressly provides: "Sec. 4. Neither Section 709.1 nor Section 721 of the Probate Code, as enacted at the 1971 Regular Session of the Legislature, shall apply to an action specified in Section 709 of the Probate Code pending at, or to a claim presented or filed before, its effective date; nor shall either such section revive any claim previously barred by Chapter 12 (commencing with Section 700) of Division 3 of the Probate Code."

[3]The omitted footnote refers to the provisions of sections 702, 707, subdivision (a) [out of state]; 707, subdivision (b) [see fn. 1 above]; 707.5 [public entities]; 709 [pending action]; 720 [special rule or damage claims]; 721 [see fn. 2 above] and 929 [payment of just debts by solvent estate]. As has been observed, none of these sections are applicable here.

The court discussed the power of the probate court to permit an amendment to a claim, and concluded as follows: "To recapitulate, we hold that (1) except as otherwise provided by statute (see, e.g., fns. 2 and 3 and accompanying text), a probate court has no power to permit the filing of a creditor's claim after expiration of the statutory period for filing or presenting claims; (2) under proper circumstances, a creditor's claim which has been filed or presented within the statutory period may be amended after such period has run; (3) whether a claim has in fact been filed or presented within the statutory period so as to be the subject of an amendment depends upon the circumstances of the particular case; and (4) mere notice to the estate, in the sense of imparting knowledge of the underlying debt to the representative, does not constitute a sufficient claim or demand which can be the basis of an amendment." *(Id.,* pp. 369-370.)

The court recognized the viability of *Satterfield* v. *Garmire, supra,* by quoting it for the following proposition: "Probate Code section 707 is intended to insure that the executor or administrator of an estate will be notified within a reasonable period of time of all claims so that the estate may be expeditiously settled and distributed to the legatees or heirs." (65 Cal.2d at p. 641, quoted at 12 Cal.3d at p. 365.) It also noted by comparison that *Satterfield* v. *Garmire, supra,* was an exception to the general rule "that the statutory requirement that a creditor's claim be presented or filed within the statutory period cannot be waived by the representative of the estate." (12 Cal.3d at p. 365.)

Turning to the earlier case we find nothing which authorizes the order made by the superior court in the probate proceedings. In that case the court expressly stated, "The statutory requirement of presentation of a claim is not satisfied by service of summons and complaint in a lawsuit, although the pleadings do in their way provide an announcement of the amount and nature of the claim." (65 Cal.2d at p. 642. See also *Wood* v. *Brown* (1974) 39 Cal.App.3d 232, 237 [114 Cal.Rptr. 63].) In *Nathanson* v. *Superior Court, supra,* the court repudiated the notion that mere notice from conversation between the attorneys for both parties is a sufficient basis upon which to entertain an amendment to a claim subsequent to the statutory period (12 Cal.3d at p. 369). It must therefore be concluded that the facts upon which the claimant relies to establish waiver do not of themselves authorize the probate court to permit the filing of a late claim.

The precedents relied upon by the court in *Satterfield* v. *Garmire, supra,* do not trespass on the claim procedure. They stem from *Farrell* v.

*County of Placer* (1944) 23 Cal.2d 624 [145 P.2d 570, 153 A.L.R. 323]; in which the court concluded: "In the instant case the facts clearly establish that defendants should be estopped to complain of the late filing of the claim" (23 Cal.2d at p. 628); and ". . . the filing of the claim within ninety days, while mandatory upon the claimant and a condition precedent to his cause of action, is nothing more than a procedural requirement as to the agency, which, as to the claimant, may be excused by estoppel." (*Id.,* at pp. 630-631.) In *Katz* v. *A. J. Ruhlman & Co.* (1945) 69 Cal.App.2d 541 [159 P.2d 426], the appeal involved the claimant's attempt to offset his claim against the decedent in an action by the administrator to recover upon a note given by the claimant to the decedent. The evidence showed an agreement whereby the maker had agreed to pay the difference, and the representative of the estate agreed on that amount and that it was unnecessary to file a claim. In reversing the judgment of the lower court which had allowed the full amount of the note because no claim had been filed for the offset, the court after noting cases in other jurisdictions which hold that the doctrine of estoppel applies to an administrator, and after alluding to *Farrell* v. *County of Placer,* stated: "There is sounder reason why the doctrine of waiver and estoppel should apply here than in the Farrell case because here the representations were made to appellant by one who had been a legal adviser and were accepted and relied on as professional advice upon matters of legal procedure." (69 Cal.App.2d at p. 545.) *Radar* v. *Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17] involved, not the provisions of section 707, but the provisions of section 714 of the Probate Code which require the institution of suit within three months of the rejection of the claim. Those provisions were held inapplicable when an action was already on file. The salient point is that in all three cases, the issue was resolved, not in the probate proceedings, but in the litigation in which the claim was asserted.

With respect to claims against public entities the Legislature in 1959, 1963 and 1965 adopted legislation providing for judicial approval for filing a late claim. (See Cal. Government Tort Liability (Cont. Ed. Bar 1964) § 8.28, p. 387, and Supplement (1969) p. 104; and 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, §§ 164-171, pp. 1027-1035; and cf. *id.,* §§ 172-174, pp. 1035-1040.) The Probate Code has only two provisions for court supervision of the filing of a late claim; one is found in section 720 which is not applicable here (see text preceding fn. 2 above), and the other in section 709 when the claimant in a pending action can show that he had no actual notice of a defendant's death. Other extensions are automatic, i.e., failure to file affidavit of publication of notice to creditors in timely fashion (§ 702), and claimant out of state (§ 707, subd. (a)). The

remaining provisions granting relief dispense with the necessity of filing a claim, i.e., "The filing and presentation of a claim is not required . . ." (§ 707, subd. (b), see fn. 1 above); "no claim shall be required except for amounts in excess of or not covered by such insurance" (§ 709); and "the presentation or filing of a claim shall not be required . . ." (§ 721, see fn. 2 above). The section last cited expressly adds "and a civil action may be maintained by a claimant to establish, to the limits of the insurance protection only, a liability of the decedent for which the decedent was protected by liability insurance." (See fn. 2 above.) We are not disposed to engraft on the provisions governing the administration of estates, a system inconsistent with that which has now been provided by the Legislature.

It is concluded that the superior court had no power or authority to make the order it did in the probate proceedings, and the order granting the petition of real parties in interest for leave to file a late claim must be annulled. Any proceedings predicated upon the late filing of that claim are thereby aborted. Real parties in interest are relegated to their rights under *Satterfield* v. *Garmire, supra,* and related cases dealing with waiver and estoppel. (See *Harvey* v. *City of Holtville* (1967) 252 Cal.App.2d 595, 597-598 [60 Cal.Rptr. 635].)

In *Satterfield* v. *Garmire, supra,* the court concluded, "We reiterate that generally it is not within the authority of an executor or administrator to waive formal presentation of a claim. But we conclude he may do so where this congeries of circumstances exists prior to the expiration of the period for filing a claim: he has knowledge of the claim and concedes its merit save only as to the specific sum; the estate is protected by insurance coverage exceeding the amount of the claim; and waiver results in relinquishment of no substantial benefit of or causes no detriment to the heirs or legatees." (65 Cal.2d at p. 645.) Many of the facts upon which the claimants, plaintiffs in the civil action pending below, might attempt to allege and prove a waiver or estoppel have been presented to the probate court and to this court in connection with the abortive attempt to secure approval of a late claim. Nevertheless we deem it inappropriate to pass upon the merits of that question ·in these proceedings. (Cf. *Satterfield* v. *Garmire, supra,* 65 Cal.2d 638, 646; *Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 768-773 [66 Cal.Rptr. 776]; *Sumrall* v. *City of Cypress* (1968) 258 Cal.App.2d 565, 568-571 [65 Cal.Rptr. 755]; and *Morgan* v. *International Aviation Underwriters, Inc.* (1967) 250 Cal.App.2d 176, 179-181 and 188-189 [58 Cal.Rptr. 164], with *Glass* v. *Benkert* (1971) 18 Cal.App.3d 322, 329 [95 Cal.Rptr. 735]; *Billups* v.

*Tiernan* (1970) 11 Cal.App.3d 372, 376-379 [90 Cal.Rptr. 246]; and *Isaacson* v. *City of Oakland* (1968) 263 Cal.App.2d 414, 421-422 [69 Cal.Rptr. 379].) Our order in this case shall be without prejudice to real parties' in interest right to file a revised third amended complaint setting forth such allegations as they may be advised.

The order of the superior court in probate proceedings No. 202452 granting the petition of real parties in interest to file a late claim in those proceedings and in proceedings No. 195973 is annulled.

Molinari, P. J., concurred.

**ELKINGTON, J.**—I respectfully dissent.

The plaintiffs in the action below (the real parties in interest here), within three months of the subject tort, filed a negligence action for personal injuries against the administratrix of the estate of the alleged tortfeasor, named in the complaint as Doe One. The only asset of the estate was a $25,000 liability insurance policy, and the plaintiffs waived all claim in excess of the policy's benefits. The decedent's widow was promptly served with the action's summons and complaint and was requested to "give the enclosed summons and complaint to your insurance carrier in order that your rights might be fully protected." The papers were so delivered, and the insurance company entered upon the action's defense. Over a period of many months plaintiffs' lawyer and the widow's (and insurance company's) attorney "communicated back and forth many times, extensions of time to answer were granted, we exchanged depositions, etc."; some of the extensions of time were written and some were oral. At some point during this period the widow's attorney caused her to be appointed administratrix of the decedent's estate. She then commenced publication of notice to creditors according to Probate Code section 700. But "No notice of the probate was given to [plaintiffs' attorney] even though we had been in constant communication."

When more than one year had elapsed "after accrual of the claimant's cause of action,"* and the time for filing claims against the estate had

---

*Probate Code section 720 provides, as relevant: "If a claim for damages for injuries to . . . a person, for which no action . . . was pending at the time of the decedent's death, is not filed within the time otherwise limited by this article, the court, upon application of the claimant made *not later than one year after accrual of the claimant's cause of action* . . . shall permit the filing of the claim . . . ." (Italics added.) Note that this statute applies whether or not the claim is insured.

expired, and while extensions of time to plead to the complaint appeared to continue in effect, the administratrix was caused to demur to the complaint on the ground "that no claim has been filed against the Estate . . . pursuant to the requirements of Probate Code Section 707." The demurrer was sustained on the stated ground.

Plaintiffs then petitioned the superior court "for leave to file a late claim." The court, presumably believing the facts as related above, ordered the requested relief. We thereafter granted an application of the administratrix for review of that order.

The administratrix relies upon Probate Code section 707, which as relevant provides: "[A]ll claims for damages for injuries to or death of a person . . . must be filed or presented within the time limited in the notice [i.e., four months] . . . and any claim not so filed or presented is barred forever, . . ."

It is, of course, the general rule that " 'all claims against the estate of a decedent arising upon contract must be filed or presented within the time prescribed in the published notice to creditors, and if not so filed or presented they are barred forever.' " (*Nathanson* v. *Superior Court,* 12 Cal.3d 355, 362 [115 Cal.Rptr. 783, 525 P.2d 687]; and see the authority there collected.)

But nevertheless there has developed in this state a liberalized policy permitting late filing, or no filing, of claims against a decedent's estate, where no substantial prejudice to the rights of its heirs or legatees is involved. This policy is highlighted by the case of *Satterfield* v. *Garmire,* 65 Cal.2d 638 [56 Cal.Rptr. 102, 422 P.2d 990].

*Satterfield* v. *Garmire* concerned an action for wrongful death and personal injuries against a decedent's estate. The defense had been accepted by the decedent's insurance carrier, and the claim appeared to be fully insured. After service of the complaint and summons, pleadings were filed, and settlement negotiations ensued. Not until after the statutory time for filing claims had passed did the defendant, in a pretrial statement, first assert the absence of such a claim. For lack of a timely Probate Code section 707 claim the action was thereafter dismissed. On appeal the Supreme Court concluded that because the defendant executor had been timely apprised of the nature of the claimed obligation, and since the rights of the heirs and legatees were in no way prejudiced, "the purposes of the [statute had] been fulfilled" and

defendant had "received all the benefits secured to him by Probate Code section 707."

The *Satterfield* v. *Garmire* court, finding a lack of "precise guidance" in the decisions, applied the rule that: " 'Equity does not wait upon precedent which exactly squares with the facts in controversy, but will assert itself in those situations where right and justice would be defeated but for its intervention.' " It rejected an argument that the provisions of the statute could not be waived, pointing out that the "rule against waiver may be traced to the fiduciary capacity [vis-à-vis the heirs and legatees] in which the administrator or executor acts." And finding, inter alia, that "the estate is protected by insurance coverage exceeding the amount of the claim; and waiver results in relinquishment of no substantial benefit of or causes no detriment to the heirs or legatees," the court concluded that under the evidence adduced, the plaintiffs had waived the timely filing of a Probate Code section 707 claim. The judgment of dismissal of the action was accordingly reversed.

As in *Satterfield* v. *Garmire* the instant plaintiffs' claims against the estate were fully insured, the defendant administratrix had been timely apprised of the nature of the claimed obligation, the rights of heirs and legatees were in no way prejudiced, and the defendant had "received all the benefits secured to [her] by Probate Code section 707." The superior court's ruling may here also reasonably be interpreted as based on a waiver by the defendant administratrix of the time requirement of the Probate Code. That court, weighing the evidence, was legally justified in so concluding, and its conclusion should accordingly be respected by us.

I would apply the equitable principles of *Satterfield* v. *Garmire,* and let the superior court's order stand.

The petition of the real parties in interest for a hearing by the Supreme Court was denied April 15, 1976. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.