[Civ. No. 43083. First Dist., Div. Four. Aug. 14, 1978.]

LENORE ELIZABETH BARTMAN, a Minor, etc.,
Plaintiff and Appellant, v.
ESTATE OF RICHARD EDWARD BARTMAN, Deceased,
Defendant and Respondent.

## Counsel

Paul C. Jess for Plaintiff and Appellant.

Bennett, Van de Poel, Campbell & Strickland, Thomas A. Campbell and Herbert M. Rowland, Jr., for Defendant and Respondent.

## Opinion

COOK, J.*—Plaintiff-appellant Lenore Elizabeth Bartman (hereafter appellant), through her guardian ad litem Eugenie Lois Bartman, appeals from a judgment of dismissal following an order sustaining, without leave to amend, the demurrer of defendant-respondent Estate of Richard Edward Bartman (hereafter the Estate) to appellant's complaint for damages filed pursuant to Probate Code section 721.

The issue on appeal is whether appellant's cause of action against the Estate, under Probate Code section 721 which became effective in 1972, is barred by the statute of limitations, where the decedent died in 1967 and appellant failed to file a creditor's claim within the statutory time limits.

On October 8, 1967, appellant, a minor, was a passenger riding in a car driven by her father, Richard Edward Bartman (hereafter decedent). As the result of a collision with another automobile, decedent was killed and appellant suffered personal injuries. At the time of the accident, Vehicle

*Assigned by the Chairperson of the Judicial Council.

Code section 17158 deprived an injured automobile guest of any recovery for the careless driving of his host in the absence of willful misconduct or intoxication.

On November 30, 1967, decedent's personal representatives first published a notice to creditors. The time for filing or presenting claims expired on May 30, 1968 (former Prob. Code, § 700)[1] without any claim having been filed or presented by appellant.

In 1971, the Legislature enacted section 721, providing that the presentation of a claim need not be made and an independent civil action may be maintained by a claimant to establish, to the limits of insurance protection only, the liability of a decedent for which the decedent was protected by liability insurance. Section 721 became effective on March 4, 1972. (Vol. 53, 1978 Cum. Pocket Pt., West's Ann. Prob. Code.)[2]

---

[1]All future unspecified statutory references are to the Probate Code.

[2]This section provides in full:

"(a) Notwithstanding any other provision of law, the presentation or filing of a claim shall not be required and a civil action may be maintained by a claimant to establish, to the limits of the insurance protection only, a liability of the decedent for which the decedent was protected by liability insurance.

"(b) The claimant shall file a verified petition in the superior court of the county in which the administration of the estate is pending, or if none is pending, in the superior court of the county in which administration may be had as provided in Section 301, alleging (1) the nature and amount of his claim, (2) the decedent was protected, in whole or in part, by liability insurance with respect thereto, (3) the interests of the estate will not be prejudiced, and (4) any recovery in such action by the claimant will be limited solely to the decedent's insurance protection. The court, upon such hearing and notice, if any, as it may order, shall grant leave to the claimant to file such action, unless it finds that the interests of the estate will be prejudiced thereby. However, if it appears that the insurer denies coverage or admits liability only conditionally or with reservation, the court may deny leave to the claimant to file such action.

"(c) The action by the claimant shall name as the defendant "Estate of (name of decedent), Deceased." Summons shall be served upon a person designated in writing by the insurer or, if none, upon the insurer. Further proceedings shall be in the name of the estate, but otherwise shall be conducted in the same manner and have the same effect as if the action were against the personal representative. For good cause, the court in which the civil action is pending, upon motion of an interested person or upon its own motion, may order the appointment of a personal representative and his substitution as the defendant.

"(d) The insurer may deny or otherwise contest its liability by cross-complaint in the action or by an independent action against the claimant, but the judgment on the cross-complaint or in the independent action shall not adjudicate rights of persons who are not parties.

"(e) A judgment in favor of claimant in an action pursuant to this section shall be enforceable only from the insurance protection and shall not create a lien upon real or other property of the estate.

"(f) The remedies of this section are cumulative, and may be pursued concurrently with other remedies."

In 1973, the Supreme Court held in *Brown* v. *Merlo* (1973) 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505], that section 17158 of the Vehicle Code (the automobile "guest" statute) was unconstitutional. In *Cummings* v. *Morez* (1974) 42 Cal.App.3d 66 [116 Cal.Rptr. 586], the Court of Appeal declared that *Brown* v. *Merlo, supra,* should be given retroactive effect. A petition for hearing in *Cummings* was denied by the Supreme Court on November 21, 1974. (*Id.,* at p. 75.)

On November 17, 1976, while estate proceedings were ongoing, appellant, through her guardian ad litem, filed the instant action for damages as the result of decedent's negligence to the limits of decedent's insurance protection only, pursuant to section 721. The Estate demurred to the complaint on grounds that appellant had not filed a creditor's claim against it within the time required by the Probate Code and was therefore barred by the statute of limitations. The trial court agreed with the Estate and sustained the demurrer without leave to amend. Appellant appeals from the ensuing order of dismissal.

*Do the subsequent developments of* Brown v. Merlo
*and/or Probate Code section 721 permit an action*
*to be maintained against the estate of a deceased*
*where the plaintiff did not file or present a*
*claim against his estate as was then provided by law?*

■ Probate Code section 707 provides, in pertinent part: "[A]ll claims for damages for injuries to . . . a person . . . must be filed or presented within the time limited in the notice or as extended by the provisions of Sections 702 and 709 of this code; and *any claim* not so filed or presented is *barred forever.* . . ." (Italics added.) The period of limitations established by this section is not tolled during minority. (*Glass* v. *Benkert* (1971) 18 Cal.App.3d 322, 327-328 [95 Cal.Rptr. 735].)

It is undisputed that appellant did not file or present a claim for injuries resulting from decedent's negligence within the time period prescribed by section 707. In fact, the instant suit was not commenced until some eight years after the period in which to file a claim against the estate had expired. Appellant contends, however, that since she was then barred from asserting a claim under Vehicle Code section 17158, her cause of action did not arise until the Supreme Court declared the statute unconstitutional in 1973. She then argues that she was not required to file a creditor's claim as provided for in section 700 et seq. since her cause of action arose after the decedent's death and the suit does not seek a

judgment payable out of the decedent's estate, but only from his insurance policy.

Appellant cannot successfully argue that her cause of action did not "arise" until the Supreme Court struck down the validity of Vehicle Code section 17158. ■ A cause of action normally "accrues" when the wrongful act is done and liability arises. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 263, p. 1116.) The applicable limitations period within which to file a claim against the estate for personal injuries during the time period in question was six months following the first publication of the notice to creditors. (Former Prob. Code, § 702.) At that time appellant had the opportunity to pursue her claim for damages and, if necessary, to challenge the constitutionality of Vehicle Code section 17158. The fact that in 1973 *Brown* v. *Merlo* upheld the right of a guest passenger to maintain an action against his driver for negligence did not have the effect of reviving all claims by injured guests which had since been barred by the statute of limitations.[3] Such claims would be barred unless filed within the limitations periods applicable at that time. (*Monroe* v. *Trustees of the California State Colleges* (1971) 6 Cal.3d 399, 407 [99 Cal.Rptr. 129, 491 P.2d 1105].) Thus, the Supreme Court in rejecting a contention by estate claimants that it would have been futile to present their claims in court until case authority denying their inheritance rights had been overruled, commented: "Under claimants' tolling theory, whenever a precedent was overturned recognizing. a right of action theretofore denied by case law, all persons who had been aggrieved between the decision of the precedent case and the decision of the overruling case could then file suit, no matter how many years had elapsed between. Such a proposition cannot be sustained." (*Estate of Horman* (1971) 5 Cal.3d 62, 71 [95 Cal.Rptr. 433, 485 P.2d 785].) The same reasoning applies where it is a statute rather than case authority, that is overturned.

The fact that *Brown* v. *Merlo, supra,* has been held to have retroactive application does not alter this result. ■ Retroactive application of a judicial decision means only that the new rule of law "governs events occurring prior to the date of decision, *when such events are at issue in*

---

[3]The application of this rule also disposes of appellant's contention that she did not have a "claim" within the meaning of the Probate Code, because hers was not a "debt or demand" upon which a "money judgment could have been rendered." (*Bank of California* v. *Connolly* (1973) 36 Cal.App.3d 350, 371 [111 Cal.Rptr. 468].) Had she filed a claim against the estate and pursued her appropriate remedies, such a money judgment was capable of attainment.

*timely filed actions.*" (*Monroe* v. *Trustees of the California State Colleges, supra,* 6 Cal.3d 399, 407, italics in original.) In *Monroe,* a teacher who was dismissed for failure to take a loyalty oath in 1950, declined to challenge the dismissal in the courts after the Supreme Court had upheld the constitutionality of the oath in *Pockman* v. *Leonard* (1952) 39 Cal.2d 676 [249 P.2d 267]. Sixteen years later the court expressly overruled *Pockman* and declared the oath unconstitutional. (*Vogel* v. *County of Los Angeles* (1967) 68 Cal.2d 18 [64 Cal.Rptr. 409, 434 P.2d 961].) The teacher then challenged his dismissal in the courts, arguing that since *Vogel* was retroactive, the statute of limitations had not yet run. The Supreme Court, though agreeing that *Vogel* should be given normal retroactive effect, stated nonetheless that the teacher's action for wrongful discharge was barred by the statute of limitations: "The normal 'retroactivity' of most civil decisions has never been thought to supersede the operation of the statute of limitations so as to revive old claims which were not pursued because of a previously prevailing contrary rule of law, or to reincarnate dead causes which had fallen to the sword of the statute." (*Monroe, supra,* at pp. 406-407, fn. omitted.)

This rule is applicable to the case at bar. Appellant's claim for personal injuries having been barred by the statute of limitations set forth in the Probate Code (div. 3, ch. 12, § 700 et seq.), cannot be resurrected by a subsequent appellate decision creating precedent in her favor. A contrary rule would clearly give new life to causes of action long since dead and would frustrate the entire purpose behind statutes of limitations.

Appellant insists, however, that she was not a creditor within the terms of Probate Code section 700 et seq. because her cause of action is not one which could have been enforced during decedent's lifetime (see *Newberger* v. *Rifkind* (1972) 28 Cal.App.3d 1070, 1077 [104 Cal.Rptr. 663, 57 A.L.R.3d 1232]) and does not seek a judgment payable out of the assets of the estate. (See *Satterfield* v. *Garmire* (1967) 65 Cal.2d 638, 645 [56 Cal.Rptr. 102, 422 P.2d 990].) The first assertion is based upon appellant's conclusion, previously shown to be erroneous, that *Brown* v. *Merlo* conferred upon her some right of action which she did not theretofore possess. The second is dependent upon the fact that appellant's action is derived purely from section 721, which was enacted in 1971, or some three years following expiration of the period for filing or presentation of creditors' claims against the estate herein. That section provides for an independent action to be maintained against an estate, which is limited to recovery of insurance policy proceeds and exempts such actions from compliance with the claims requirements of section 700 et seq. The

decisive issue, therefore, is whether section 721 is to be applied retroactively, for the effect of this legislation is simply to reinstate the normal statute of limitations applicable had the decedent not died. (Code Civ. Proc., § 340; *Eken* v. *Bosworth* (1977) 72 Cal.App.3d 248, 252 [139 Cal.Rptr. 834].) In *Eken,* the court noted that it did not have to decide whether section 721 was retroactive, since the claimant's action there had not yet been barred by the former period of limitation and the effect of the amendment was merely to extend it. (*Id.,* at pp. 252-253.) Here however, appellant's action would be barred under the state of the law prevailing before the enactment of section 721. Thus, if section 721 is retroactive, the filing of a creditor's claim was unnecessary and the normal period of limitations applies. In the present case, that period has not yet expired, having been tolled during appellant's minority. (Code Civ. Proc., § 352.) On the other hand, if section 721 is *not* retroactive in application, then appellant's cause of action for personal injuries must fall within the purview of the limitations period applicable before its enactment—and her failure to file a creditor's claim against the estate, notwithstanding her minority, would be fatal to the instant lawsuit.

The answer to this question may be found in the analogous case of *Carr* v. *State of California* (1976) 58 Cal.App.3d 139 [129 Cal.Rptr. 730]. In *Carr,* appellant minors were injured in an accident occurring on August 29, 1969. Under existing law at the time, appellants were required to file a claim against any governmental entity within 100 days, or could file a late claim any time within one year of the accrual of their cause of action. (Gov. Code, §§ 911.2, 911.4.) These periods could not be tolled by the fact of their minority. The 100-day period expired on December 7, 1969, and the one-year limit expired on August 28, 1970. (*Id.,* at p. 144.) Effective November 23, 1970, the Legislature added a clause to Government Code section 911.4, subdivision (b), which provided that while minority per se does not toll the one-year statute of limitations, any period during which the minor is incapacitated and does not have a guardian of his person tolls the claim filing statute and shall not be counted. Appellants filed their application for a late claim against the State of California on February 2, 1972. (*Id.,* at p. 145.) On appeal from a judgment denying their application to present a late claim, they attempted to take advantage of the new tolling provision, contending that they had been continuously incapacitated from the time of the accident and had had no guardian of their person appointed. (*Id.,* at p. 146.) The Court of Appeal rejected this argument, holding that the amendment of Government Code section 911.4, subdivision (b), could not be vested with retroactive effect: ■ "It is well settled that no statute is to be given

retroactive effect unless the Legislature has expressly so declared and this rule is not altered by the requirement that a statute be liberally construed to effect its objects and promote justice. The Legislature is, of course, well acquainted with this fundamental rule and when it intends a statute to operate retroactively, it uses clear language to accomplish that purpose (*Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 828 . . .). The rule to be applied is the same with respect to all statutes and none of them is retroactive unless the Legislature has expressly so declared. Accordingly, the legislative intent in favor of retrospective operation of a statute cannot be implied from the fact that the statute is remedial and subject to the rule of liberal construction (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 173-174 . . .; *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 395. . . .) [¶] It is beyond dispute that the amendment at issue which took effect November 23, 1970, is entirely silent with regard to its retroactivity, and similarly no legislative history has been presented to show that a retrospective application of the amendment was intended by the Legislature. Under these circumstances, we are powerless to declare that the amendment in question carries retroactive effect and relates back to events which took place well before its enactment." (*Id.,* at p. 147.)

These principles are controlling herein, with one additional compelling factor. ▮ In enacting section 721 in 1971, the Legislature manifested an express intention that the statute *not* be applied retroactively. Section 4 of the legislation in its originally enacted form provides: "Neither Section 709.1 *nor Section 721* of the Probate Code, as enacted at the 1971 Regular Session of the Legislature . . . shall . . . revive any claim previously barred by Chapter 12 (commencing with Section 700) of Division 3 of the Probate Code." (Stats. 1971, ch. 1638, p. 3534, italics added.) Hence, we have a conclusive declaration by the Legislature that section 721 was not meant to be applied retroactively so as to revive claims previously barred by failure to comply with the creditor's claims statutes. Since appellant failed to present or file a claim within the period prescribed by law, she cannot now invoke the benefit of section 721 to exempt herself from its requirements.

In summary, appellant's cause of action for personal injuries due to decedent's negligence accrued on October 8, 1967. Since she did not file or present a claim within six months of publication of the notice to creditors, her right of action in a court of law was barred by section 707 and could not be revived by the later decision of *Brown* v. *Merlo, supra,* or its retrospective application. Finally, although section 721 would have

provided appellant with an independent action for recovery of insurance proceeds and exempted her from the claims requirements of section 700 et seq., it may not be vested with retroactive application and thus cannot avail her.

The judgment is affirmed.

Caldecott, P. J., and Christian, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 25, 1978.