LIU, J., Dissenting.
In this case, six brothers seek compensatory relief from the Roman Catholic Bishop of Oakland for adult psychological injuries allegedly caused by childhood sexual abuse perpetrated by a priest assigned to their local parish. In their amended complaint, plaintiffs provide a disturbing and detailed account of recurring abuse by the same priest, and equally disturbing allegations of institutional avoidance and inattention. Whether those allegations are true, we will never know, as the Quarry brothers are now barred from having their day in court. Because the statute oh which plaintiffs rely is a remedial statute that, properly construed, authorizes them to bring this suit, I respectfully dissent.
I agree with my dissenting colleague Justice Corrigan that Code of Civil Procedure section 340.1, subdivision (c) (all further undesignated statutory references are to this code) allowed a one-year window for alleged victims of childhood sexual abuse to sue especially culpable third parties on previously discovered claims that had lapsed, while leaving undiscovered claims against those third parties subject to the delayed discovery rule of section 340.1, subdivision (a). Assuming plaintiffs’ claims lapsed no later than 1998 by virtue of the age 26 cutoff in section 340.1, subdivision (b)(1), I believe Justice Corrigan’s reading of section 340.1, subdivision (c) is sound; The first sentence of that provision revived plaintiffs’ claims and says revived claims must be brought “within one year of January 1, 2003.” But the second sentence of that provision preserves “the applicable statute of limitations period of an action that is not time barred as of January 1, 2003.” Plaintiffs’ claims were “not time barred as of January 1, 2003” because they had been revived as of that date, and “the applicable statute of limitations period” for their revived claims is the delayed discovery rule of section 340.1, subdivision (a).
I write separately, however, because I am doubtful of the premise that the Legislature’s 1998 enactment of the age 26 cutoff caused plaintiffs’ undiscovered claims to lapse. It is true that if plaintiffs had discovered the causal connection between their alleged childhood abuse and their adult psychological injuries at any point from 1999 through 2002, then the age 26 cutoff *999 would have barred their claims. But it is well established that “statutes of limitation do not begin to run until a cause of action accrues.” (Fox v. Ethicon Endo-Surgery, Inc. (2005) 35 Cal.4th 797, 807 [27 Cal.Rptr.3d 661, 110 P.3d 914] (Fox), citing Romano v. Rockwell Internal., Inc. (1996) 14 Cal.4th 479, 487 [59 Cal.Rptr.2d 20, 926 P.2d 1114].) The discovery rule “postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.” (Fox, supra, 35 Cal.4th at p. 806, citing Norgart v. Upjohn Co. (1999) 21 Cal.4th 383, 397 [87 Cal.Rptr.2d 453, 981 P.2d 79] and Neel v. Magana, Olney, Levy, Cathcart & Gelfand (1971) 6 Cal.3d 176, 187 [98 Cal.Rptr. 837, 491 P.2d 421].) That a cause of action would have been barred by the applicable statute of limitations (the age 26 cutoff) had. it accrued in 1999 does not mean that it was actually barred by that limitations period where the cause of action did not accme until 2006. By that time, section 340.1, subdivision (b)(2) had eliminated the age 26 cutoff and put into effect a new limitations period (the three-year discovery rule) for certain third party claims. (See, e.g., Romo v. Estate of Bennett (1979) 97 Cal.App.3d 304, 307-308 [158 Cal.Rptr. 635] [where Legislature extends a statute of limitations, the new limitations period applies to causes of action that accrue after its effective date].)
The court says that if plaintiffs’ claims are understood to accrue upon discovery of the connection between adult psychological injury and childhood abuse, then Shirk v. Vista Unified School Dist. (2007) 42 Cal.4th 201 [64 Cal.Rptr.3d 210, 164 P.3d 630] (Shirk) “presumably . . . should have been litigated and resolved differently.” (Maj. opn., ante, at p. 982, fn. 11.) But that is entirely speculative. The plaintiff in Shirk conceded that “her cause of action . . . was extinguished in 1980” due to her failure to timely present her claim to the school district as required by the government claims statute. (Shirk, at p. 210.) She chose to argue before this court that section 340.1, subdivision (c) revived her cause of action. (Shirk, supra, at p. 210.) This court disagreed and held that the revival provision did not apply. (Id. at pp. 212-214.) Neither the majority nor the dissent in Shirk examined whether section 340.1, subdivision (b)(2) gave rise to a new accrual or whether the age 26 cutoff in subdivision (b)(1) caused any undiscovered claims to lapse in 1998. Those issues simply were not raised or considered in Shirk. “It is axiomatic, of course, that a decision does not stand for a proposition not considered by the court.” (People v. Harris (1989) 47 Cal.3d 1047, 1071 [255 Cal.Rptr. 352, 767 P.2d 619].)
When the Legislature enacted the 2002 amendment adding subdivision (c) to section 340.1, the Senate Committee on the Judiciary explained that “this bill would provide those victims who discovered their adulthood trauma after *1000 age 26, whose action has been barred by the current statute of limitations, a one-year window to bring a case against a third party that otherwise would be time-barred.” (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1779 (2001-2002 Reg. Sess.) as amended May 2, 2002, p. 6, italics added.) This legislative history makes clear that subdivision (c) revived discovered claims that had been barred by the age 26 cutoff. By contrast, the legislative history nowhere mentions revival of undiscovered claims. The most sensible explanation for this omission is that the Legislature did not see any need to revive undiscovered claims because those claims had not accrued and thus had not been barred. Subdivision (b)(2), which was also added to section 340.1 as part of the 2002 amendment, brought such claims against especially culpable third parties within the coverage of section 340.1, subdivision (a)’s three-year discovery rule.
This reading is further confirmed by the author of the 2002 amendment, who explained the amendment’s purpose as follows: “[T]his bill is essential to ensure that victims severely damaged by childhood sexual abuse are able to seek compensation from those responsible. While current law allows a lawsuit to be brought against the perpetrator within three years of discovery of the adulthood aftereffects of the childhood abuse, current law bars any action against a responsible third party entity . . . after the victim’s 26th birthday. Unfortunately ... for many victims their adulthood trauma does not manifest itself until well after their 26th birthday, when some event in their current life triggers remembrance of the past abuse and brings on new trauma.
“For example, a 35-year old man with a 13-year old son involved in many community and sporting events, may begin to relive his nightmare of being molested by an older authoritarian figure when he was 13 years old and about to enter puberty. While a lawsuit against the perpetrator is possible, that person may be dead, may have moved away to places unknown, or may be judgment-proof. However, any lawsuit against a responsible third party is absolutely time-barred after the victim passes this 26th birthday, [f] This arbitrary limitation unfairly deprives a victim from seeking redress, and unfairly and unjustifiably protects responsible third parties from being held accountable for their actions that caused injury to victims.” (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1779, supra, p. 4.) The example of the 35-year-old man who connects his adult psychological injury to childhood sexual abuse is repeated several times throughout the legislative history of the 2002 amendments. (See also Sen. Com. on Judiciary, 3d reading analysis of Sen. Bill No. 1779 (2001-2002 Reg. Sess.) as amended June 17, 2002, pp. 3-4; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of *1001 Sen. Bill No. 1779 (2001-2002 Reg. Sess.) as amended May 15, 2002; Assem. Com. on Judiciary, Analysis of Sen. Bill No. 1779 (2001-2002 Reg. Sess.) as amended June 6, 2002, p. 3.)
Under today’s decision, the 35-year-old man in the example may benefit from the three-year discovery rule—but only if he turned 35 at least nine years after January 1, 2003, the effective date of the 2002 amendments. Anyone who turned 35 within nine years of January 1, 2003 would have been 26 or older as of January 1, 2003, and the claims of those individuals are forever barred, the court holds, unless they happened to be discovered and brought within the one-year revival window. I find it hard to believe that this is what the Legislature intended. Given the repeated emphasis on the unfairness and arbitrariness of denying the three-year discovery rule to a 35-year-old victim of childhood sexual abuse, why would the Legislature have deferred for nine years the applicability of the discovery rule to any such 35 year old? Absent some indication to the contrary in the statute or legislative history, I would not attribute to the Legislature such an anomalous intent. (See also dis. opn. of Corrigan, J., ante, at pp. 993-994 [describing other anomalous and arbitrary results of the court’s holding].)
The unanimous Court of Appeal was correct in its clear, straightforward reading of the statutory text: “The parties do not dispute that plaintiffs’ claims for injuries from the alleged sexual abuse originally lapsed between 1976 and 1982, when each turned age 19 ... .[][].. . [][] The 1998/1999 amendments to section 340.1 revived all previously lapsed, unadjudicated claims against perpetrators and third parties, and provided for two alternative limitations periods: A claim must be filed (1) within eight years after [a victim] reach[es] majority or (2) within three years of discovering that the cause of the psychological injury occurring after the age of majority was the childhood abuse, whichever occurs later ([§ 340.1], subd. (a)); as against third parties, however, the outside limit was age 26 (id., subd. (b)). Thus, under the prior law, any person discovering after age 26 that childhood abuse was the cause of his or her adulthood injuries was barred from suing responsible third parties. Effective 2003, however, the Legislature deleted the age 26 cutoff as against a narrow category of third party defendants who had both the knowledge and the ability to protect against abusive behavior but failed to do so. Anyone discovering that childhood abuse was the cause of their injuries after 2003 could sue these—more culpable—defendants without regard to the age 26 cutoff. (Ibid.) And, for those who had previously discovered the cause of their injuries but could not sue under the prior law because of the age 26 cutoff (id., subd. (b)(1)), the Legislature offered a one-year window in which *1002 they could file their claims (id., subd. (c)). [][] It therefore follows, and we hold, that under section 340.1 the complaint in this action is not time-barred because plaintiffs have alleged they did not discover the cause of their psychological injuries until 2006.”
The Court of Appeal also correctly explained the legislative history and intent: “[T]he primary purpose of the 2002 amendments was to ameliorate the harsh result of a statute of limitations which precluded abuse victims from recovering any compensation from the most highly culpable of the responsible third parties—those who knew of the danger and took no steps to protect children from abuse. It would not effectuate this legislative intent to read the amendments as reimposing the same harsh result on an entire class of victims over the age of 26 who did not discover the cause of their injury until after January 1, 2004, and therefore could not have filed their actions during 2003.”
Finally, as mentioned at the outset, even if the Court of Appeal was wrong and the age 26 cutoff had barred plaintiffs’ claims in 1998, Justice Corrigan is correct that the first sentence of section 340.1, subdivision (c) revived plaintiffs’ claims and that “the applicable statute of limitations period” under the second sentence of subdivision (c) is the three-year discovery rule, not the one-year revival window.
Today’s decision does not comport with our understanding that section 340.1, subdivision (b)(2), which lifted the age 26 cutoff for claims against highly culpable third parties, “is a remedial statute that the Legislature intended to be construed broadly to effectuate the intent that illuminates section 340.1 as a whole; to expand the ability of victims of childhood sexual abuse to hold to account individuals and entities responsible for their injuries.” (Doe v. City of Los Angeles (2007) 42 Cal.4th 531, 536 [67 Cal.Rptr.3d 330, 169 R3d 559].) Although the 2002 amendments to section 340.1 are readily construed to protect plaintiffs such as the Quarry brothers—on either my interpretation or Justice Corrigan’s—the court holds that it is too late for them to pursue their claims.
It is not too late, however, for the Legislature to give similarly situated plaintiffs their day in court. Since 1986, when section 340.1 was first enacted, the Legislature has twice expanded access to court for childhood sexual abuse victims in response to what it saw as unduly narrow rules set forth in judicial opinions. (See maj. opn., ante, at p. 963 [noting that 1990 amendment extended delayed discovery principles, superseding DeRose v. Carswell (1987) 196 Cal.App.3d 1011 [242 Cal.Rptr. 368]]; maj. opn., ante, at p. 964 [noting that 1994 amendment expressly revived lapsed claims against direct perpetrators, *1003 superseding David A. v. Superior Court (1993) 20 Cal.App.4th 281 [24 Cal.Rptr.2d 537]].) Today’s unduly narrow reading of the statute may prompt the Legislature again to provide a correction that affirms the statute’s remedial purpose.
I respectfully dissent.